# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

PHILLIP SMITH,

               Plaintiff,

vs.

CHRISTOPHER McPEAK, et al.,

               Defendants.

Case No. 2:14-cv-01422-MMD-GWF

**ORDER AND FINDINGS & RECOMMENDATIONS**

Application to Proceed *in Forma Pauperis* (#1)

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (#1), filed on September 2, 2014.  This matter is also before the Court on Plaintiff's Motion for Jury Trial (#2) and Motion for Appointment of Counsel (#3) filed on September 9, 2014.

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for false imprisonment, unlawful search and seizure, and violations of Plaintiff's 5th and 14th Amendment Due Process rights Specifically, Plaintiff alleges that on April 30, 2010, Defendants with the Las Vegas Metropolitan Police Department ("LVMPD") violated his civil rights by unlawfully placing a tracking device on his vehicle leading to a twenty day surveillance investigation which resulted in his wrongful arrest on May 18, 2010.  Plaintiff indicated that he was targeted because he was African American with California license plates and tinted windows.  Plaintiff further alleges that the defendant officers made numerous false statements and fabricated evidence to secure a grand jury indictment against him and were encouraged by the lead investigator to act in bad faith throughout the investigation to "support a 'hunch' and create an atmosphere of the 'Black Man' bad guy, and the 'police' as good guys." *See Dkt. #1-1I at 4.*

**DISCUSSION**

**I.      Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that he is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

**II.      Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*,

2

449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**1.    Plaintiff's claims under 42 U.S.C. § 1983**

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution.  *See Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995).  Where a § 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of the conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or through some similar proceeding.  *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994).  The Supreme Court later clarified that *Heck*'s principle (also known as the "favorable termination" rule) applies regardless of the form of remedy sought, if the § 1983 action implicates the validity of an underlying conviction or a prison disciplinary sanction.  *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *see also Whitaker v. Garcetti*, 486 F.3d 572, 583-85 (9th Cir. 2007) (explaining that the "sole dispositive question is whether a plaintiff's claim, if successful, would imply the invalidity of [the plaintiff's] conviction."); *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (concluding that § 1983 claim was not cognizable because allegation of procedural defect would result in an automatic reversal of the prison disciplinary sanction.); *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994) (concluding that § 1983 claim was not cognizable because allegations were akin to malicious prosecution claim.)

1    Here, if successful, Plaintiff's claims for false imprisonment, unlawful search and seizure,

2    and violations of Plaintiff's 5th and 14th Amendment Due Process rights would imply the

3    invalidity of Plaintiff's conviction, which has not been overturned.  Accordingly,

4                                                    **ORDERS**

5    **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis*

6    (#1) is **granted**.  Plaintiff shall not be required to pay an initial partial filing fee.  However, even if

7    this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

8    **IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action

9    to conclusion without the necessity of prepayment of any additional fees or costs or the giving of

10   security therefor.  This Order granting *forma pauperis* status shall not extend to the issuance of

11   subpoenas at government expense.

12   **IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint

13   (#1-1).

14   **IT IS FURTHER ORDERED** that Plaintiff's Motion for Jury Trial (#2) is denied as moot.

15   **IT IS FURTHER ORDERED** that Plaintiff's Motion for Counsel (#3) is denied as moot.

16   . . .

17   . . .

18   . . .

19   . . .

20   . . .

21   . . .

22   . . .

23   . . .

24   . . .

25   . . .

26   . . .

27   . . .

28   . . .

4

## RECOMMENDATIONS

**IT IS HEREBY  RECOMMENDED** that Plaintiff's Complaint be **dismissed** without prejudice for failing to show that his conviction has been overturned.  Plaintiff must first petition the Court to overturn his conviction before proceeding on his § 1983 claim.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this  11th day of September, 2014.

GEORGE FOLEY, JR.
United States Magistrate Judge

5