UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHILLIP SMITH,<br><br>                          Plaintiff,<br>    v.<br><br>CHRISTOPHER McPEAK, *et al*,<br><br>                          Defendants. | Case No. 2:14-cv-01422-MMD-GWF<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE GEORGE FOLEY, JR. |

Before the Court is the Order and Findings & Recommendations of United States Magistrate Judge George Foley, Jr. (dkt. no. 5) ("R&r") recommending the Court grant Plaintiff Phillip Smith's Application to Proceed *in Forma Pauperis* (dkt. no. 1). An objection to the R&R was timely filed by Plaintiff ("Objection") (dkt. no. 7).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to

which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review*. See, e.g., Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

This Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Foley's R&R. Plaintiff's Complaint asserts claims under 28 U.S.C. § 1983 for false imprisonment, unlawful search and seizure, and violations of Plaintiff's Due Process rights under the 5th and 14th Amendments arising from Las Vegas Metropolitan Police Department's unlawful placement of a tracking device on his vehicle that led to his wrongful arrest on May 18, 2010. (Dkt. no. 1-1.) The Magistrate Judge recommended dismissal of Plaintiff's claims because under *Heck v. Humphrey,* 512 U.S. 477 (1994), Plaintiff must first establish that the underlying conviction or sentence has been invalidated. (Dkt. no. 5.) In his Objection, Plaintiff states that he has only been indicted in case no. 2:11-cr-00058-JAD-CWH ("Criminal Case") and has not yet been convicted so there is no conviction to invalidate. (Dkt. no. 7.) However, the *Heck* doctrine applies to cases where criminal charges are pending. *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000) ("a § 1983 Fourth Amendment claim alleging illegal search and seizure does not accrue under *Heck* until the criminal charges have been dismissed"), *overruled in part on other grounds by Wallace v. Kato,* 549 U.S. 384, 393-394 (2007). Plaintiff's § 1983 claims are not cognizable under *Heck* until the Criminal Case is dismissed or if convicted, the conviction has been rendered invalid. The Court thus adopts the Magistrate Judge's R&R in full.

It is therefore ordered, adjudged and decreed that the Order Report and Findings & Recommendation of Magistrate Judge George Foley, Jr. (dkt. no. 5) is accepted and

///

1  adopted in its entirety.  Plaintiff's Complaint is dismissed without prejudice. The Clerk is
2  directed to close this case.

DATED THIS 13th day of November 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE